## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**RICKY ASHLEY**                                                                            **PLAINTIFF**
**ADC #099718C**

**v.**                                              **Case No.  4:20-cv-00864-KGB**

**SONIA SOTOMAYOR, United**                                                       **DEFENDANTS**
**States Supreme Court Justice,** *et al.*

### ORDER

Before the Court is plaintiff Ricky Ashley's motion to proceed *in forma pauperis* (Dkt. No. 1).  Mr. Ashley is currently incarcerated at the Maximum Security Unit of the Arkansas Department of Corrections, and he filed a *pro se* complaint on July 23, 2020, alleging that multiple United States Supreme Court Justices and Circuit Court Judge Gary M. Arnold violated his federally protected rights (Dkt. No. 2).

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g). Prior to filing this lawsuit, Mr. Ashley filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted.  *See Ashley v. Moody*, Case No. 4:18-cv-00482 (E.D. Ark.) (dismissed July 27, 2018); *Ashley v. Moody, et al.*, Case No. 4:18-cv-00497 (E.D. Ark.) (dismissed Aug. 29, 2018) (Dkt. No. 3 and cases cited therein); *Ashley v. Moody, et al.*, Case No. 4:18-cv-00498 (E.D. Ark.) (dismissed Dec. 27, 2018) (Dkt. No. 3 and cases cited therein).

Nevertheless, Mr. Ashley may proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

Mr. Ashley alleges that defendants directed federal agents with the Bureau of Alcohol, Tobacco, and Firearms to murder over 30 American citizens with a sawed off rifle that was confiscated from Mr. Ashley (Dkt. No. 2, at 4). Mr. Ashley also alleges defendants then "had one "'Billy Stevenson' break into [Mr.] Ashley's residence to murder [Mr.] Ashley with the exact same sawed off 22 rifle." (*Id.*). Mr. Ashley, however, took the gun from Mr. Stevenson and shot him with the gun (*Id.*). Mr. Ashley contends that he is wrongfully incarcerated to cover up defendants' crimes (*Id.*). Based on the allegations in Mr. Ashley's complaint, it is not apparent that he was in imminent danger at the time he filed his complaint. Mr. Ashley does not allege imminent danger, and the allegations in his complaint otherwise do not indicate that he was in imminent danger. Accordingly, the imminent danger exception does not apply. *Dilworth,* 147 F.3d at 717. This case will be dismissed due to Mr. Ashley's failure to pay the filing fee. Mr. Ashley will have thirty (30) days to reopen this case by paying the $400[1] filing fee in full.

It is therefore ordered that:

1.      Mr. Ashley's motion to proceed *in forma pauperis* (Dkt. No. 1) is denied.

2.      Mr. Ashley's complaint is dismissed without prejudice.

---

[1] Effective May 1, 2013, the cost for filing a new civil case is $400 which includes a $50 administrative fee that does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

3.      Mr. Ashley has thirty (30) days from the date of this order in which to reopen this

case by paying the $400 filing fee in full.

4.      The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from this Order or the accompanying Judgment would not be taken in good

faith.

So ordered this 21st day of October, 2020.

Kristine G. Baker
United States District Judge